USDC No. 4:22cv104=DMB-JMV

### IN THE CIRCUIT COURT OF BOLIVAR COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

WILL CLARK LOVE,
TURNER CLARK LOVE and
TUCKER REED LOVE                                                  **Plaintiffs**

v.                                                          Case No.: 2022-117

JOHN HANCOCK LIFE INSURANCE
COMPANY and MANULIFE FINANCIAL
SECURITIES, LLC                                                   **Defendants**

### COMPLAINT

COMES NOW the Plaintiffs, **WILL CLARK LOVE, TURNER CLARK LOVE and TUCKER REED LOVE**, by and through counsel, and files this Complaint stating a cause of action against Defendants, **JOHN HANCOCK LIFE INSURANCE COMPANY and MANULIFE FINANCIAL SECURITIES, LLC**, and alleges as follows:

### INTRODUCTION, JURISDICTION, AND VENUE

1. This is an action for recovery of benefits under an enforceable contract.

2. This Court has personal jurisdiction over the parties to this case and has subject matters relating to the events complained of herein.

3. Venue is proper in the Second Judicial District in and for Bolivar County.

### PARTIES

4. At all times material herein, Plaintiffs, **WILL CLARK LOVE, TURNER CLARK LOVE and TUCKER REED LOVE**, were adult resident citizens of Cleveland, Bolivar County, Mississippi.



# EXHIBIT 1

5.  Defendants, **JOHN HANCOCK LIFE INSURANCE COMPANY** is a foreign corporation authorized to engage and engaging in business within the State of Mississippi and on information and belief is a wholly owned subsidiary of **MANULIFE FINANCIAL SECURITIES, LLC** and may be served with process through Corporation Service Company, 109 Executive Dr., Suite 3 , Madison Mississippi 39110. (Hereinafter Defendants).

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff, **WILL CLARK LOVE**, is the named beneficiary under a term policy of life insurance purchased by his wife, Michele Love on November 26, 2003. Said policy number is 56683550. Said policy became effective on November 26, 2003 and provided term life benefits in the amount of $250,000.00 for the term of twenty (20) years. A copy of the annual policy statement is attached hereto as Exhibit "A".

7.  Plaintiffs, **TURNER CLARK LOVE and TUCKER REED LOVE,** are the natural children of Michele Love and Will Clark Love and on information and belief are the alternate beneficiaries under the aforesaid policy.

8.  Michele Love departed this life on April 7, 2021. Defendant's agent contacted Plaintiff, **WILL CLARK LOVE** and advised him that he was the beneficiary under the aforesaid.

9.  All documentation necessary to apply for the benefits under the policy was presented to the Defendants by the insured, **WILL CLARK LOVE**.

10. On January 4, 2022, **WILL CLARK LOVE** received notice from the

Defendants denying the insurance benefits under the policy.

11.　　Undersigned counsel responded to the January 4, 2022 correspondence providing additional facts and information requesting that the matter of the denial be reconsidered. This correspondence was transmitted to the Defendants on January 28, 2022.

12.　　On February 15, 2022, undersigned counsel received a reply from the Defendants confirming receipt of the January 28, 2022 request to reconsider the denial. Defendants letter stated that once the review was completed, undersigned counsel would be contacted regarding the further requirements needed to proceed.

13.　　Having heard nothing from the Defendants, undersigned counsel contacted John Hancock on April 11, 2022 to inquire as to the status of the review. Defendants were advised that undersigned counsel represented all of the beneficiaries. Defendants advised that the matter would be escalated and that a response would be received within 24 - 48 hours.

14.　　Having received no response, undersigned counsel contacted the Defendants again on May 4, 2022 to inquire as to the status of the review. The same response was provided. The claims agent stated that the matter would be escalated and that we would receive some type of response within 24 - 48 hours.

15.　　Having received no response, undersigned counsel contacted the Defendants again on May 9, 2022 to inquire as to the status of the review and a reason for the delay. It was explained that the insured had died over a year ago and that no proceeds had been received. The Defendants agent stated that the matter would be escalated and that we would receive a response within 24 - 48 hours.

16. On May 11, 2022, undersigned counsel contacted the Defendants to inquire as to the delay and to the status of the insurance proceeds. It was during this call that the Defendants agent stated that the matter was being handled by the "legal department" and that contact needed to be made with Anthony Marrama at the Defendants "legal department". An email address for Anthony Marrama was provided by the agent but a request for Mr. Marrama's phone number was denied.

17. The undersigned counsel contacted Anthony Marrama on May 11, 2022 as instructed. Mr. Marrama responded the same day acknowledging the request for status and offering his availability. It was not until May 16, 2022 undersigned counsel realized that the response from Anthony Marrama had been blocked by the spam filter. This issue was immediately corrected and Mr. Marrama was notified on May 16, 2022 regarding the spam filter issue and request was again made to set up an available time to discuss the matter.

18. Emails were sent to Anthony Marrama on May 16, May 19, and May 25, 2022 requesting a status update and to set up an available time to discuss the issues at hand. No response has ever been received from these multiple requests.

19. Undersigned counsel contacted John Hancock again on May 27, 2022 in an attempt to determine the status of the claim. It was explained to the Defendants agent that the attempts to contact Anthony Marrama were fruitless. The agent stated that the matter would need to be addressed to Mr. Marrama since it had been transferred to his attention.

20. On May 31, 2022, undersigned counsel contacted Mr. Marrama again to no

avail. A call was then placed to the Defendants claim office in attempt to determine the status of the claim. The Defendants agent advised that any request would need to go through Mr. Marrama. It was then explained that undersigned counsel had been attempting to reach Mr. Marrama for almost two (2) weeks without any result. Request was made to obtain a phone number for Mr. Marrama so that call could be placed directly to him. After a lengthy hold process, the agent returned and stated that he "did not have clearance" to provide Mr. Marrama's phone number. The agent explained that he could offer no further help.

## COUNT I:
## WRONGFUL DENIAL OF POLICY BENEFITS

21. Plaintiff incorporates by reference and reasserts as if fully restated herein each of the preceding paragraphs of this Complaint.

22. Plaintiffs, **WILL CLARK LOVE, TURNER CLARK LOVE and TUCKER REED LOVE,** have complied with the provisions of the policy of insurance.

23. Defendants have received all of the information necessary to tender the benefits under the policy and have had reasonable opportunity to investigate and evaluate the facts relating to Plaintiff's request. There exists no valid basis for the Defendants' denial of Plaintiff's claims under the policy.

24. Defendants are indebted to the Plaintiffs in such amounts as the law allows, including $250,000.00 in unpaid benefits due under the above-referenced policy and any applicable interest on these proceeds or on the ascertainable damages.

## COUNT II:
## BAD FAITH DENIAL OF BENEFITS

25. Plaintiffs incorporate by reference and reasserts as if fully restated herein each

of the preceding paragraphs of this Complaint.

26.    Defendants denial of Plaintiff's claims for benefits under the policy was arbitrary and capricious and constituted abuse of Plaintiff's rights.

27. Defendants have received all of the information necessary to tender the benefits under the policy and have had reasonable opportunity to investigate and evaluate the facts relating to Plaintiff's claims. There exists no valid basis for Defendants denial of Plaintiff's claim under the policy.

28.    Defendants lacked an arguable or legitimate basis for failing to pay the benefits under the policy for almost fourteen (14) months after the said benefits became due.

29.    Defendants acted wilfully, maliciously, or with gross and reckless disregard for Plaintiff's rights under the policy.

30.    Defendants actions in failing to even provide a response concerning the status of the benefits under the policy constitute bad faith.

31.    Defendants have acted arbitrary and capricious and in the total disregard for the Plaintiffs rights in withholding the benefits under the policy and failing to respond to the Plaintiffs request.

32.    Defendants are therefore liable to the Plaintiffs for punitive damages and attorneys fees and costs.

**WHEREFORE**, Plaintiffs pray for a judgment against the Defendants **JOHN HANCOCK LIFE INSURANCE COMPANY and MANULIFE FINANCIAL SECURITIES, LLC** jointly and severally, for all policy benefits available under the aforesaid policy including pre-judgment and post-judgment interest and all interest compounded since

the date of the death of the insured, all punitive damages, attorneys fees, costs related to this action and any and all other relief deemed just and proper by the Court.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted, this 7th day of June, 2022.

Thomas B. Janoush, Esq.
Mississippi Bar No. 9585
WESTERFIELD, JANOUSH AND BELL, P.A.
307 Cotton Row
Cleveland, MS 38732
Telephone: 662-846-1716
Fax: 662-846-7134
tjanoush@wesjan.com
Attorney for Plaintiff